**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000874**
**03-JUN-2021**
**07:58 AM**
**Dkt. 48 SO**

NO. CAAP-19-0000874

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
SHANA N. KAWAKAMI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-00540)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Shana N. Kawakami (**Kawakami**)
appeals from the Notice of Entry of Judgment and/or Order and
Plea/Judgment (**Judgment**), entered on November 26, 2019, in the
District Court of the First Circuit, Honolulu Division (**District
Court**).[1] Following a bench trial, the District Court convicted
Kawakami of operating a vehicle under the influence of an
intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**)
§ 291E-61(a)(1) (Supp. 2015).[2]

---

[1] The Honorable Steven L. Hartley presided over the August 20, 2019
bench trial. The Honorable James S. Kawashima entered the Judgment.

[2] HRS § 291E-61(a)(1) states:

(a) A person commits the offense of operating a
vehicle under the influence of an intoxicant if the person
operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an
amount sufficient to impair the person's
normal mental faculties or ability to care
for the person and guard against
casualty[.]

Kawakami contends that the District Court erred in considering the portion of the arresting officer's testimony that was based on his police report rather than his present memory, and without that testimony, insufficient evidence supported the conviction.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Judgment for the reasons set forth below.

Kawakami argues that under State v. Dibenedetto, 80 Hawaiʻi 138, 141, 906 P.2d 624, 627 (App. 1995), the District Court erred in considering Officer Jonathan Wong's (**Wong**) testimony regarding Kawakami's performance on a standard field sobriety test (**SFST**), after Wong admitted on cross-examination that "the majority" of his testimony regarding the SFST "is coming from . . . the police report."

In Dibendetto, this court held:

> Hawaiʻi Rules of Evidence (**HRE**) Rule 612 indicates that "a witness may use a writing to refresh his memory for the purpose of testifying." A writing, such as a police report, used to refresh a witness's memory is ordinarily not submitted into evidence. When used to refresh the witness's present recollection, a writing is solely employed to jog the memory of the testifying witness. Accordingly, when a writing is used to refresh a witness's recollection, the witness should testify from "a memory thus revived," resulting in testimony from present recollection, not a memory of the writing itself. "A witness's recollection must be revived after he or she consults the particular writing or object offered as a stimulus so that the resulting testimony relates to a present recollection." If the writing fails to rekindle the witness's memory, the witness cannot be permitted to testify as to the contents of the writing unless the writing is otherwise admitted into evidence.

Id. at 144, 906 P.2d at 630 (citations, brackets, & ellipses omitted). "Because a witness cannot be permitted to testify if the witness has no present recollection, we apply the 'right/wrong' standard in determining the correctness of a ruling regarding the admissibility of testimony under HRE Rule 612." State v. Wakamoto, 143 Hawaiʻi 443, 450, 431 P.3d 816, 823 (2018).

Here, Kawakami did not object to or move to strike Officer Wong's testimony concerning Kawakami's SFST performance

2

at any time before the close of evidence, and addressed the issue only during closing argument. In contrast, defense counsel in Dibendetto moved to strike the officer's testimony after the officer admitted on cross-examination that his testimony regarding the defendant's SFST performance was based on his police report rather than his present memory. 80 Hawaiʻi at 141, 906 P.2d at 627. The trial court ruled (incorrectly) that the matter was for the jury to determine. Id.

Under HRE Rule 103(a)(1), an "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is *one admitting evidence, a timely objection or motion to strike appears of record*, stating the specific ground of objection, if the specific ground was not apparent from the context[.]" (Emphasis added.) The purpose of requiring a specific objection to the introduction of inadmissible testimony is to inform the trial court of the error. See State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002). Because Kawakami failed to object to or move to strike the challenged testimony, no error may be predicated on its admission. See HRE Rule 103(a)(1); see also State v. Metcalfe, 129 Hawaiʻi 206, 225, 297 P.3d 1062, 1081 (2013) ("objections to the admission of incompetent evidence, which a party failed to raise at trial, are generally not subject to plain error review" (citing State v. Wallace, 80 Hawaiʻi 382, 410, 910 P.2d 695, 723 (1996))).

Even if we were to conclude that the District Court erred in considering the challenged testimony, we would not reverse the OVUII conviction, as Kawakami has failed to show that the remaining evidence adduced at trial is insufficient to support the conviction. In determining the legal sufficiency of such evidence, "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact"; the evidence "must be considered in the strongest light for the prosecution." State v. Richie, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998).

Here, excluding the challenged testimony, the State adduced the following additional evidence supporting the OVUII

conviction: Kawakami's vehicle was stopped for one to two seconds, straddling the east and westbound lanes of Makaloa Street, before reversing about 15 feet while still in both lanes, which were marked by double solid yellow lines; Kawakami made a hard right turn and proceeded to try to park in an open stall on the right-hand side of Makaloa Street, initially parked out of the stall, and while straightening out, "came close to reversing into [Officer Wong's] vehicle"; Officer Wong smelled a "strong odor of alcohol" coming from where Kawakami was seated in her vehicle and "coming from her breath" as she spoke, and her eyes "appeared red, watery, and kind of bloodshot"; when asked if she would participate in the SFST, Kawakami said she had had her last drink at Mai Tai's several hours earlier; Kawakami "missed heel-to-toe on every step" of the walk-and-turn portion of the SFST;[3] and after Officer Wong drove Kawakami to the police station and she left the rear of the vehicle, the odor of alcohol remained. On this record, we conclude that even excluding the challenged evidence, there was substantial evidence to support Kawakami's OVUII conviction.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on November 26, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 3, 2021.

On the briefs:

Brian S. Kim
(Park & Kim, LLLC)
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[3] Officer Wong testified that "[f]or the [SFST], . . . the main thing that I remember or the one thing that sticks out is the -- when she missed heel to toe on every step." Officer Wong's testimony thus indicated a present recollection of this event.